UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-82428-CIV-RYSKAMP/VITUNAC

DEREK A. DIMMETT,

    Plaintiff,

vs.

RIBHOUSE USA, LLC, a Florida
Limited Liability Company, d/b/a
SHORTY'S BAR-B-Q, INC., and
SOLOMON KEDMI, an individual,

    Defendants.
_____/

## ORDER REQUESTING INFORMATION REGARDING SETTLEMENT

THIS CAUSE comes before the Court pursuant to the parties' Notice of Dismissal with Prejudice, filed March 31, 2010 **[DE 8]**. Plaintiff filed this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

The Court queries as to whether the parties have reached a settlement agreement. If the parties have reached a settlement agreement, the Court must "scrutiniz[e] the settlement for fairness" and conclude that the settlement constitutes a "fair and reasonable resolution of a bona fide dispute over FLSA provisions," if it is to close this case. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982).

The settlement agreement, if such exists, must be unsealed. The terms of a settlement in private FLSA actions are generally a matter of public record. The common law right of access to the courts "includes the right to inspect and copy public records and documents." Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001) (citing Nixon

v. Warner Comm., Inc., 435 U.S. 589, 597, 98 S.Ct. 1306, 1312 (1978)). Whether a document should be subject to public scrutiny depends in part on the role it plays in the litigation: a document that has a "direct[]" impact on the litigation is more appropriately disclosed than are discovery responses subject to judicial scrutiny merely for the sake of relevance. Stalnaker v. Novar Corp., 293 F.Supp.2d 1260, 1264 (M.D. Ala. 2003) (quoting United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995)). Also relevant is whether the "'right' at issue is of a 'private-public character,' as the Supreme Court has described employee rights under the FLSA." Stalnaker, 293 F.Supp.2d at 1264 (quoting Brooklyn Sav. Bank v. O'Neill, 324 U.S. 697, 708, 65 S.Ct. 895, 903 (1945)). Sealed settlement agreements under the FLSA "thwart the public's independent interest in assuring that employee's wages are fair" and "endanger 'the national health and well-being.'" Stalnaker, 293 F.Supp.2d at 1264 (quoting Brooklyn Sav. Bank, 324 U.S. at 706-07, 65 S.Ct. at 902). "A business's general interest in keeping its legal proceedings private does not overcome the presumption of openness in" FLSA cases. Id.

The Court requests that the parties submit an unsealed copy of the settlement agreement, if such exists, within five days of the date of this Order. If the parties have not reached a settlement agreement and Plaintiff simply wishes to dismiss this action, the Court requests that the parties so inform it, also within five days of the date of this Order.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 5 day of April, 2010.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE